Dear Mr. Canty:
This office is in receipt of your opinion request asking if you, as ward constable, may appoint a deputy constable, on a volunteer basis, to assist you with your duties as constable.
LSA-R.S. 13:2583.1 states in part:
 A. Each duly elected constable of the justice of the peace court in those parishes having a population in excess of four hundred thousand may appoint as many deputy constables as necessary for those acts he shall be responsible.
Since St. Mary Parish does not have a population in excess of 400,000, under this statute you are not authorized to appoint a deputy constable. However, this statute has no effect on the power of a justice of the peace to appoint special deputy constables in the event you are unable to perform your duties. LSA R.S. 13:3477 provides:
 In the case of the inability or refusal to act on part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justice of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs.
Unless a deputy constable is appointed under the conditions in the above cited statutes, you may not have a deputy constable appointed. Since there is no vacancy in the office which you hold, and you are not disqualified, unwilling or unable to act, service made by another party would be void and of no effect. The applicable portion of LSA R.S. 13:3478 states:
 When there is a constable . . . not disqualified to act . . . the justice of the peace for whose ward said constable shall have been elected or appointed and qualified, shall employ said constable . . . to the exclusion of the sheriff or his deputy . . . and in such cases services made by other than said constable . . . shall be void and of no effect.
If you as the elected constable are able and willing to perform the duties of the office, we can find no provision for the appointment of a deputy constable to assist you in the performance of said duties.
However, we can find no restrictions in these statutes which prevent a volunteer from accompanying a constable on service duties. If your concern is safety while making service or while issuing litter citations, the volunteer may be deputized by the sheriff's office. The volunteer would only act in the capacity of a deputy sheriff, and not in the capacity of a deputy constable. In other words, the deputy sheriff could not make the service of process for the justice of the peace court. In order to deputize a volunteer, please contact the St. Mary Sheriff's Office.
As there are a total of ten constables in St. Mary Parish, we would suggest a joint effort by these constables in enforcing the litter laws in St. Mary Parish. The above statutes provide no prohibition to having two or more constables work or ride together while enforcing or ticketing for the litter provisions. Regarding the constable's role in litter violation cases, please note R.S. 13:2587.1 which states:
 The constable of the justice of the peace court or his deputy shall act as prosecutor when called upon to do so by the justice of the peace when the justice of the peace exercises his jurisdiction to adjudicate litter violations prohibited by R.S. 25:1111. In those cases where the constable has issued the citation or summons or has made the arrest or appears as a witness against the accused, the constable shall designate the deputy constable to prosecute the matter. If there is no deputy constable, then the justice of the peace may appoint a special deputy constable to prosecute the case or may authorize a constable from another ward in the parish to prosecute the matter.
Note that in the above case, a constable from another ward or a special deputy constable is needed. For a list of constables in St. Mary Parish, please call me at 504-342-1139.
In summary, a constable who is able and willing to perform his duties does not have the authority to appoint deputy constables unless he is in a parish with more than 400,000 persons. A constable may work in conjunction with a deputy sheriff or another constable in his parish in litter violation cases and may have another law enforcement official in the car when he is performing his duties.
We hope the foregoing sufficiently answers your inquiries. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:lrg